IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IMH FINANCIAL CORPORATION, | ) ) ) | Case No. 20-11858-CSS |
| Reorganized Debtor.[1] | ) ) | **Related Docket Nos. 268 & 282** |

**FINAL DECREE (I) CLOSING
CHAPTER 11 CASE; (II) TERMINATING CERTAIN CLAIMS AND
NOTICING SERVICES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtor (the "Reorganized Debtor") for entry of a final decree closing the Reorganized Debtor's chapter 11 case and terminating the Claims and Noticing Services provided by Donlin, Recano & Company, Inc. ("DRC"); and the Court having considered the Motion and all related pleadings and documents; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012, (b) this matter is a core proceeding with the meaning of 28 U.S.C. §§ 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is IMH Financial Corporation (7126). The location of the Debtor's corporate headquarters is 7001 N. Scottsdale Rd., Suite 2050, Scottsdale, Arizona.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{01646484;v1 }

2. The above-captioned chapter 11 case is closed and a final decree is granted effective as of the date hereof.

3. Within thirty (30) days of the date hereof, the Reorganized Debtor shall pay any outstanding fees due and owing to the U.S. Trustee that have accrued as of the date hereof.

4. Except as otherwise set forth herein, the Claims and Noticing Services are terminated and DRC shall have no further obligations under the DRC Retention Order to the Court, the Reorganized Debtor, or any other party in interest with respect to the Claims and Noticing Services.

5. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight days of entry of this Order, DRC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register. DRC shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

6. Within fourteen days of entry of this Order, DRC shall remove the Bankruptcy Case Website.

7. Should DRC receive any mail regarding this case after entry of this Order, DRC shall collect and forward such mail no less frequently than monthly to the Reorganized Debtor at such address as provided by the Reorganized Debtor.

8. The Reorganized Debtor is authorized and empowered, and may in its discretion and without further notice or delay, take any action and perform and act necessary to implement and effectuate the terms of this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: January 6th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

{01646484;v1 }    3